IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TALETHA CRAYTON, Individually *
and behalf of others similarly*
situated,                      *
                               *
            Plaintiff,         *
                               *       CIVIL ACTION NO.  CV222-004
      VS.                      *
                               *
SAILORMEN, INC.                *
                               *
            Defendant.         *

## COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT

COMES NOW the Plaintiff, TALETHA CRAYTON,   who brings this action to recover unpaid overtime compensation due her and other similarly situated persons under the Fair Labor Standards Act of 1938 as amended, and under Georgia law ,and shows the Court as follows, to-wit:

1.   Jurisdiction of this action is conferred upon the Court by Section 16(b) of the Fair Labor Standards Act, as well as by 28 USC § 1337.

2.   The Defendant, SAILORMEN, INC., is a Corporation with a place of business in Glynn County, Georgia, where the Plaintiff was employed, and is subject to the jurisdiction of this Court.

3.   The Defendant may be served by serving its registered agent in the State of Georgia URS Agents, Inc.(CA), at 3675 Crestwood Pkwy., Suite 350, Duluth, Gwinnett County, Georgia, 30096.

4.   The Defendant was, at all times mentioned herein, "an enterprise engaged in commerce", as defined in the Fair Labor Standards Act, referenced in Paragraph 7 herein.

5.    The Plaintiff is a resident of Glynn County, Georgia, who was formerly employed with SAILORMEN, INC., commencing several years ago and continuing until November, 2021.

6.    During the time that the Plaintiff was employed by the Defendant and while classified as a area supervisor, the Plaintiff worked a substantial amount of overtime, for which the Plaintiff has not been paid any overtime compensated.

7.    The Plaintiff shows that she regularly worked twenty to thirty hours of overtime each week.

8.    Specifically, the Plaintiff alleges that she was paid on a salary basis, and never received any additional compensation for overtime.

9.    The Plaintiff should have been paid $41.25 per hour for all of such hours, which includes an overtime premium of one-half of the hourly rate for each hour worked in excess of forty hours in any given week, since no exemption from the overtime requirements of the Fair Labor Standards Act applied to the Plaintiff due to her duties and the attendant surrounding facts.

10.    The Defendant has failed to pay the Plaintiff overtime compensation as required by law, and has failed and refused to pay the Plaintiff overtime as required by law after receiving the Plaintiff's demand for said payment.

11.    Because the Defendant has not acted in good faith, the Plaintiff is entitled to recover as liquidated damages an amount equal to the total amount of unpaid wages and overtime which the Defendant owes the Plaintiff for all weeks during which the Plaintiff worked for the Defendant in the three years preceding the

filing of this Complaint.

12.   It has been necessary for the Plaintiff to have the services of an attorney to institute and prosecute this action against the Defendant, and the Plaintiff has employed the attorney now appearing herein on her behalf.  The Plaintiff will be required to expend reasonable attorney's fees for said attorney in the interest of this action, and to expend other costs and expenditures necessarily incurred, and the Plaintiff has agreed to pay said attorney for his services herein. The Defendant should be required to pay the Plaintiff's reasonable attorney's fees and the other costs, all is authorized by the Fair Labor Standard Act.

13.   The Plaintiff also shows that the failure of the Defendant to pay the Plaintiff for all of her hours worked constitutes a breach of contract, and the Plaintiff is entitled to recover for unpaid wages she was entitled to receive, as well as for all accumulated sick leave, vacation pay, and other benefits of employment.

WHEREFORE, the Plaintiff prays:

A.    That the Defendant's agent be served with a summons and copy of this Complaint, requiring the Defendant to answer said Complaint;

B.    That the Plaintiff have and recover from the Defendant all unpaid wages and overtime, along with liquidated damages, all as provided by the Fair Labor Standard Act and the laws of the State of Georgia, as well as her reasonable attorney's fees; and

C.    For a trial by jury; and

D.    For such other and further relief as to the Court may

seem just and proper.

This the 19th day of January, 2022.

W. DOUGLAS ADAMS
Georgia Bar Number: 004650
ATTORNEY FOR PLAINTIFF

1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
T:(912) 265-1966/F:(912) 265-1966
Email: WDAdams@WDALaw.biz