IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TALETHA CRAYTON, Individually and behalf of others similarly situated,<br><br>      Plaintiff,<br><br>VS.<br><br>SAILORMEN, INC.<br><br>      Defendant. | CIVIL ACTION NO.<br>2:22-cv-004 |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, TALETHA CRAYTON, and prior to the filing of an Answer, files this Amended Complaint to recover unpaid overtime compensation and other damages due her and other similarly situated persons under the Fair Labor Standards Act of 1938 as amended, and under Georgia law ,and shows the Court as follows, to-wit:

### COUNT ONE

1. Jurisdiction of this action is conferred upon the Court by Section 16(b) of the Fair Labor Standards Act, as well as by 28 USC § 1337. This Count has pendent jurisdiction over the Plaintiff's claims for breach of contract arising under Georgia Law.

2. The Defendant, SAILORMEN, INC., is a Corporation with multiple places of business in Glynn County, Georgia, where the Plaintiff was employed, and is subject to the jurisdiction of this Court.

3. The Defendant may be served by serving its registered agent in the State of Georgia, URS Agents, Inc.(CA), at 3675

Crestwood Pkwy., Suite 350, Duluth, Gwinnett County, Georgia, 30096.

4. The Defendant was, at all times mentioned herein, "an enterprise engaged in commerce", as defined in the Fair Labor Standards Act. See 29 USC § 203(s)(1((A)(ii).

5. The Plaintiff is a resident of Glynn County, Georgia, who was formerly employed with SAILORMEN, INC., commencing several years ago, and continuing until November, 2021.

6. During the last years that the Plaintiff was employed by the Defendant and while classified as an area supervisor, the Plaintiff worked a substantial amount of overtime, for which the Plaintiff has not been paid any overtime compensation.

7. Although the Plaintiff was classified as an area supervisor, her primary duty was not the management of the Defendant's business operations. Instead the Plaintiff spent most of her time cooking, cleaning and performing other job duties identical to the duties performed by employees who were paid an hourly wage in the Popeye's chicken restaurants operated by the Defendant where the Plaintiff was employed.

8. The business locations of the Defendant where the Plaintiff worked have electronic equipment which transmits and receives information to and from the Defendant's headquarters in Florida, though the internet and/or through other interstate communication systems.

9. The Plaintiff shows that the Defendant's Florida headquarter office placed orders to vendors for food and other materials and substances necessary to conduct the Defendant's

business operations.

10. The Plaintiff shows that one or more of the principal suppliers and vendors of food and other substances used in the Defendant's restaurant locations where the Plaintiff worked was based in Florida and said supplies were transported by truck from Florida to the restaurants where the Plaintiff was employed. The Plaintiff frequently took delivery of said supplies on behalf of the Defendant, and utilized those supplies in order to fill customer's orders.

11. The Plaintiff shows that she regularly worked twenty to thirty hours of overtime each week during the last three years that the Plaintiff was employed by the Defendant.

12. Specifically, the Plaintiff alleges that she was paid on a salary basis, and never received any additional compensation for the overtime hours she worked.

13. The Plaintiff should have been paid $41.25 per hour for all of the hours of overtime during the last year of her employment, Plaintiff should have been paid one and one-half of the regular hourly rate for each hour worked in excess of forty hours in any given week, within the three years before suit was filed, since no exemption from the overtime requirements of the Fair Labor Standards Act applied to the Plaintiff, due to the duties the Plaintiff performed and the attendant surrounding facts.

14. The Defendant has failed to pay the Plaintiff overtime compensation as required by law, and has failed and refused to pay the Plaintiff overtime as required by law after receiving the Plaintiff's demand for said payment.

15. Because the Defendant has not acted in good faith, the failure to pay overtime should be considered to be willful, and the Plaintiff is entitled to recover as liquidated damages an amount equal to the total amount of unpaid wages and overtime which the Defendant owes the Plaintiff for all weeks in which the Plaintiff worked for the Defendant in the three years preceding the filing of this Complaint.

16. It has been necessary for the Plaintiff to have the services of an attorney to institute and prosecute this action against the Defendant, and the Plaintiff has employed the attorney now appearing herein on her behalf. The Plaintiff will be required to expend reasonable attorney's fees for said attorney in the interest of this action, and to expend other costs and expenditures necessarily incurred, and the Plaintiff has agreed to pay said attorney for his services herein. The Defendant should be required to pay the Plaintiff's reasonable attorney's fees and the other costs, all as authorized by the Fair Labor Standard Act.

## COUNT TWO

17. The Plaintiff repeats and re-alleges the assertions contained in paragraphs 1 through 5 of the Complaint, and incorporates the same herein as if the same were set forth verbatim.

18. The Plaintiff shows that the Defendant promised the Plaintiff vacation pay and sick pay, but has failed to pay the Defendant her accumulated vacation and sick pay.

19. The Plaintiff also shows that the failure of the Defendant to pay the Plaintiff for all of her hours worked

constitutes a breach of contract, and the Plaintiff is entitled to recover for unpaid wages she was entitled to receive, as well as for all accumulated sick leave, vacation pay, and other benefits of employment.

WHEREFORE, the Plaintiff prays:

A. That the Defendant's agent be served with a summons and copy of this Complaint, requiring the Defendant to answer said Complaint;

B. That the Plaintiff have and recover from the Defendant all unpaid wages and overtime, along with liquidated damages, all as provided by the Fair Labor Standard Act and the laws of the State of Georgia, as well as her reasonable attorney's fees; and

C. For a trial by jury; and

D. For such other and further relief as to the Court may seem just and proper.

This the 22nd day of April, 2022.

*/s/ W. Douglas Adams*

W. DOUGLAS ADAMS
Georgia Bar Number: 004650
ATTORNEY FOR PLAINTIFF

1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
T:(912) 265-1966/F:(912) 265-1966
Email: WDAdams@WDALaw.biz

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TALETHA CRAYTON, Individually and behalf of others similarly situated,<br><br>      Plaintiff,<br><br>VS.<br><br>SAILORMEN, INC.<br><br>      Defendant. | CIVIL ACTION NO.<br>2:22-cv-00004 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoin has been sent by United States Mail to:

Michael M. Hill
Feeman Mathis & Gary
100 Galleria Parkway Suite 1000
Atlanta, Georgia  30339
Email: mhill@fmglaw.com

on this the ____ day of April, 2022.

_____
W. DOUGLAS ADAMS
Georgia Bar Number: 004650
ATTORNEY FOR PLAINTIFF

1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
T:(912) 265-1966/F:(912) 265-1966
Email: WDAdams@WDALaw.biz