# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

TALETHA CRAYTON,                        )
individually and on behalf              )
of others similarly situated,           )
                                        )        2:22-CV-4
        Plaintiff,                      )
                                        )
        v.                              )
                                        )
SAILORMEN, INC.,                        )
                                        )
        Defendant.                      )

**ORDER**

This case arises out of a dispute about overtime pay between Defendant Sailormen, Inc., which operates multiple Popeyes Louisiana Kitchen ("Popeyes") franchises, dkt. no. 29-1 ¶ 1; dkt. no. 32-2 ¶ 1, and Plaintiff Taletha Crayton, who worked at Defendant's Popeyes franchises. Dkt. No. 29-1 ¶¶ 11; Dkt. No. 32-2 ¶¶ 11.

Defendant filed a motion for summary judgment in this case, dkt. no. 29, which the Court denied as to Plaintiff's Fair Labor Standards Act ("FLSA") claim and granted as to Plaintiff's contract claim. Dkt. No. 38 at 8-40. Defendant subsequently filed a motion to certify for immediate interlocutory appeal and to stay all district court proceedings. Dkt. No. 40. Defendant seeks to appeal the Court's holdings regarding (1) the duration of time that 29

C.F.R. Section 541.706 applied; (2) whether Plaintiff qualified as an exempt executive or administrative employee during her employment; and (3) whether Plaintiff abandoned her argument that Defendants willfully violated the FLSA. Id. at 1-2.

28 U.S.C. Section 1292 governs interlocutory appeals. It states, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

"Materially advancing the termination of the litigation 'means that a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.'" Candy Craft Creations, LLC v. Gartner, No. CV 212-091, 2015 WL 2408185, at *1 (S.D. Ga. May 19, 2015) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)). In McFarlin, the Eleventh Circuit examined 28 U.S.C. Section 1292(b), noting that "[t]he report of the Judicial Conference committee is particularly persuasive in regard to the intent behind the provision, because Congress enacted the report's proposed language verbatim." McFarlin, 381 F.3d at 1256. The report "emphasized the limited scope" of Section 1292(b), stating,

> The appeal from interlocutory orders . . . should and
> will be used only in exceptional cases where a decision
> of the appeal may avoid protracted and expensive
> litigation, as in antitrust and similar protracted
> cases, where a question which would be dispositive of
> the litigation is raised and there is serious doubt as
> to how it should be decided. . . . It is not thought
> that district judges would grant the certificate in
> ordinary litigation which could otherwise be promptly
> disposed of or that mere question as to the correctness
> of the ruling would prompt the granting of the
> certificate. The right of appeal given by the amendatory
> statute is limited both by the requirement of the
> certificate of the trial judge, who is familiar with the
> litigation and will not be disposed to countenance
> dilatory tactics, and by the resting of final discretion
> in the matter in the court of appeals, which will not
> permit its docket to be crowded with piecemeal or minor
> litigation.

Id. (alteration accepted) (quoting 1958 U.S.C.C.A.N. 5258).

This is not such an "exceptional case[] where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." Id. Instead, it is "ordinary litigation which could otherwise be promptly disposed of," involving the "mere question as to the correctness of the ruling." Id. Here, the parties have concluded discovery, see dkt. no. 22, and will conduct a pre-trial conference shortly, dkt. no. 39. Thus, "an immediate appeal from the order" would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The issues Defendant raises may be properly dealt with on appeal at the termination of the district court

3

proceedings. For these reasons, the Court **DENIES** Defendant's motion to certify for immediate interlocutory appeal and to stay all district court proceedings. Dkt. No. 40.

> **SO ORDERED** this 11th day of August, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA