IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TALETHA CRAYTON, Individually and behalf of others similarly situated<br><br>  Plaintiff,<br><br>v.<br><br>SAILORMEN, INC.,<br><br>  Defendant. | CIVIL ACTION FILE<br><br>NO. 2:22-cv-00004-LGW-BWC |

**JOINT MOTION FOR COURT APPROVAL
OF FLSA SETTLEMENT AND RELEASE AGREEMENT**

COME NOW, all of the parties herein, and hereby file this Joint Motion For Court Approval Of FLSA Settlement And Release Agreement.

## I.     INTRODUCTION

Plaintiff filed this lawsuit on January 20, 2022 as a purported collective action alleging claims for unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and breach of contract under Georgia law. (Doc. 1.). Plaintiff filed an amended complaint on April 22, 2022. (Doc. 10.) Defendant moved for summary judgment as to all claims and, on July 24, 2023, the Court granted Defendant's motion for summary judgment as to the breach-of-contract claim but denied it as to the FLSA claims. (Doc. 38.)

Since then, the parties have engaged in arms-length settlement negotiations through their respective counsel. The parties have assessed the potential for liability and damages, as well as the potential defenses available to Defendant, and reached an agreement to resolve this matter based on their understanding of the potential risks and rewards of proceeding to trial. Having reached an agreement to settle this dispute, the parties respectfully request that the Court review the terms of the

FLSA Settlement and Release Agreement attached hereto as Exhibit A ("Settlement Agreement") and grant the proposed Order approving the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.      MEMORANDUM OF LAW

The parties request that the Court review and approve the Settlement Agreement so that the resolution of the FLSA claims asserted in this civil action will be in accordance with the Eleventh Circuit's requirement of judicial approval of the compromise and/or settlement of FLSA claims. *See Lynn's Food*, 679 F.2d 1350. In *Lynn's Food*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees: (1) through a payment through the Secretary of Labor, or (2) where the settlement has been reviewed and approved by a court presiding over a private lawsuit. *Id.*

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute" the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The parties stipulate that they had a *bona fide* dispute and that the merits of the case have been highly contested from its inception. Here, Plaintiff has asserted in her Complaint a claim for alleged unpaid overtime wages in connection with her former employment with Defendant. The parties dispute Plaintiff's exemption status and whether Plaintiff was exempt from overtime wage requirements under the FLSA. The parties further dispute whether liquidated damages are appropriate and whether Defendant is entitled to the good-faith defense to Plaintiff's FLSA claims.

Finally, the parties dispute whether the appropriate calculation for any alleged unpaid overtime is "half-time" of Plaintiff's "regular rate" or "time-and-a-half" of Plaintiff's "regular rate."

Despite their disagreement over liability and the extent, if any, of recoverable damages, the parties agree that the settlement reached through their negotiations represents a reasonable compromise of their *bona fide* dispute. In discussing resolution of this matter, the parties discussed and took into consideration factors such as the amount of claimed damages, the evidence supporting their respective positions regarding liability and damages, and Plaintiff's compensation level to determine the potential damages available to Plaintiff. While the parties still dispute liability and the extent, if any, of available damages, the parties were able to reach a compromise of their positions during settlement negotiations. The parties and their counsel agree that, based on all available evidence, the proposed settlement is within the range of potential damages that Plaintiff could recover at trial if she were to be successful.[1]

### III.   CONCLUSION

The parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claims asserted by Plaintiff. The parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiff has voluntarily agreed to release all wage-related claims against Defendant in exchange for fair and reasonable consideration. Plaintiff's counsel

---

[1] The parties note that they have entered into a separate Agreement and General Release ("Agreement") that includes a mutual release of all other claims as well as other provisions and is supported by separate and independent consideration. The parties' separate Agreement contains a confidentiality provision, which expressly **does not** apply to the FLSA Settlement and Release Agreement in this matter and any claim released in this action. Nonetheless, if the Court desires to review the parties' separate Agreement, the parties respectfully request that any such review be through an *in camera* inspection to preserve the confidential nature of that settlement. In addition to the settlement of this FLSA suit, the parties desire a complete parting of ways.

and Defendant's counsel represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter. Counsel for all parties agree that, in their respective opinions, the terms of the Settlement Agreement, including the settlement amounts and the amount of attorney's fees and costs, are fair and reasonable.

WHEREFORE, the parties respectfully request the Court grant the instant Joint Motion and approve the attached Settlement Agreement. A proposed Order is attached for the Court's convenience.

Respectfully submitted this 10th day of October, 2023.

| **FREEMAN MATHIS & GARY, LLP** | **W. DOUGLAS ADAMS** |
|---|---|
| */s/ Michael M. Hill* | */s/ W. Douglas Adams* |
| Michael M. Hill | (with express permission) |
| Georgia Bar No. 770486 | W. Douglas Adams |
|  | Georgia Bar No. 004650 |
| *Counsel for Defendant* | *Counsel for Plaintiff* |
| 100 Galleria Parkway | 1829 Norwich Street |
| Suite 1600 | P.O. Box 857 |
| Atlanta, Georgia 30339-5948 | Brunswick, Georgia 31521 |
| T:  770.818.0000 | T: 912.265.1966 |
| F:  770.937.9960 | F: 912.265.1966 |
| E:  mhill@fmglaw.com | E: WDAdams@WDALaw.biz |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the within and foregoing **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** to the Clerk of Court using the CM/ECF system, which will automatically send an email notification of said filing to all counsel of record.

This 10th day of October, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Michael M. Hill*
Michael M. Hill
Georgia Bar No. 770486

*Counsel for Sailormen, Inc.*